IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK PATE,
    Reg. No. 30430-408

    Petitioner,

v.       Case No. 3:22cv21717/MCR/MAL

BUREAU OF PRISONS

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas corpus case under 28 U.S.C. § 2241 was transferred to this court from the United States Court of Appeals for the District of Columbia Circuit. When the D.C. Circuit transferred the case, Petitioner was housed at the Santa Rosa County Jail (SRCJ), which is located within the Northern District of Florida. Petitioner has since been transferred to another institution. Another transfer of the case is not in the interest of judicial economy. Rather, after review of the record, the undersigned concludes the petition should be dismissed as moot.

**Background and Analysis**

Petitioner was convicted of wire fraud and sentenced to 168 months' imprisonment in the U.S. District Court for the Eastern District of Texas, Case No. 4:14cr00125-ALM. In a series of documents that were originally filed with the

D.C. Circuit,[1] Petitioner sought habeas relief under Federal Rule of Appellate Procedure 22(a). The main thrust of Petitioner's claim is that his removal from the Federal Prison Camp in Pensacola and confinement in the SRCJ was unlawful, and as relief he sought transfer from SRCJ to another facility within the federal Bureau of Prisons system. *See* Doc. 2 at 7; Doc. 3 at 2; Doc. 4 at 6; Doc. 5 at 4. At various points in the documents, Petitioner also complains of unrelated matters pertaining to the validity of his conviction in the Eastern District of Texas.

Since Petitioner filed his petition, he has been transferred out of the SRCJ. The court has confirmed Petitioner is now incarcerated at Federal Correctional Institution Coleman Low in Coleman, Florida, a federal Bureau of Prisons facility. *See* https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results. Thus, he has obtained the relief he was seeking, even without judicial intervention.

Generally, when a "party has already received the relief that he is seeking from this Court, … the issue is no longer live, and the case is moot." *Parrish v. Babcock*, Case 3:10-cv-32, 2010 WL 5137414, at *2 (N.D. Fla. Nov. 9, 2010), *report and recommendation adopted* 2010 WL 5126369 (Dec. 9, 2010) (*quoting United States v. Beltran-Gabito*, 280 F. App'x 861, 863 (11th Cir. 2008)). Myriad courts

---

[1] Petitioner filed the following documents: "Emergency Relief Under Rule 22-Habeas Corpus" (Doc. 2), "RE: Illegal Detention(s)" (Doc. 3), "Renewed Motion for Habeas Relief Under Rule 22 of F.R.A.P." (Doc. 4), "Emergency Motion for Injunctive Relief" (Doc. 5), "Motion for Judicial Notices Per F.R.E. 201" (Doc. 6), and "Judicial Notice" (Doc. 7).

have recognized that a habeas petition is moot when the relief sought by the petition is transfer out of a particular facility and petitioner is subsequently transferred. *See, e.g., id.* at *3 (holding that habeas petitioner's case was moot because he had already received the relief he sought—transfer to a residential re-entry center); *see also Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) (finding case was moot because the inmate had already received the relief he sought, which was a transfer to a community control center); *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (dismissing § 2241 appeal as moot because inmates had received the requested relief of placement in an RRC); *Muniz v. Sabol*, 517 F.3d 29, 34 (1st Cir. 2008) (federal prisoner's § 2241 challenging BOP's denial of placement in an RRC was mooted by petitioner's release from custody); *see also Walker v. Sanders*, No. 09–56380, 2010 WL 2640358 (9th Cir. July 1, 2010) (affirming district court's dismissal of § 2241 petition as moot, where petition challenged BOP's determination concerning RRC placement and sought immediate transfer to an RRC, and petitioner was placed at an RRC during pendency of the proceeding); *Laor v. Federal Bureau of Prisons*, 340 Fed. App'x 771 (3d Cir. 2009) (holding that federal prisoner's release to RRC rendered moot § 2241 petition challenging BOP's pre-release custody policies and seeking placement in pre-release custody; prisoner demonstrated no concrete and continuing injury or collateral consequence that remained after placement in an RRC); *McKinney–Bey v. Hawk–Sawyer*, No. 03–6455, 69 Fed. App'x 113 (4th Cir.

May 29, 2003) (affirming dismissal of § 2241 petition as moot, where petitioner sought immediate transfer from prison to half-way house, and petitioner received transfer prior to consideration by Court of Appeals); *Bryant v. Woods*, 2021 WL 1232688 (M.D. Ala. Mar. 10, 2021) *report and recommendation adopted* 2021 WL 1227856 (M.D. Ala. Mar. 31, 2021) (dismissing petition as moot where petitioner had received the transfer he sought and no live controversy remained.)

Here, as noted above, Petitioner's filings seek his transfer from SRCJ to a federal Bureau of Prisons facility. This has already occurred. Therefore, on November 4, 2022, the court directed Petitioner to show cause why this case should not be dismissed as moot.

In response to the court's order to show cause, Petitioner filed a "Notice of Lack of Jurisdiction." Doc. 11. In the notice, Petitioner asserts that this court does not have jurisdiction over this action due to his transfer, and he requests the court transfer this case to the Ocala Division of the Middle District of Florida. *Id.* Petitioner does not attempt to contest or even address the court's suggestion of mootness.

A transfer to another jurisdiction is not warranted and would not serve the interest of justice. Although Petitioner mentions dissatisfaction with his Texas conviction, his requests for relief center around his removal from federal custody

and placement in the SRCJ. Therefore, based on the authority cited herein, the undersigned finds the petition should be dismissed as moot.[2]

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus (Doc. 2) be dismissed as **moot.**

2. All pending motions be **denied**.

**IN CHAMBERS** this 17th day of November, 2022.

/s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[2] If Petitioner wishes to challenge the Texas conviction either in the district of conviction or the district of confinement, as appropriate, dismissal of this action would not preclude him from doing so.