**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

FRANK PATE,

     Petitioner,

v.                                         Case No. 3:22cv21717-MCR-MAL

BUREAU OF PRISONS,

     Respondent.

_____/

## **ORDER**

This case is before the Court based on the Magistrate Judge's Report and Recommendation, ECF No. 12. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a <u>de novo</u> determination of all timely filed objections.

Having considered the Report and Recommendation, and the timely objections, I have determined that the Report and Recommendation should be adopted. The Court has jurisdiction because Petitioner was present in this District when the petition was filed, but as the Magistrate Judge correctly found, the thrust of the petition sought a transfer out of the Santa Rosa County Jail and is now moot. To the extent Petitioner is objecting to the Magistrate Judge's dismissal and refusal to transfer his claims challenging his conviction, the Court finds no error. Where,

as here, a Petitioner's § 2255 motion has been denied, the prisoner is precluded from filing an application for a writ of habeas corpus under 28 U.S.C. § 2241 absent a showing that the § 2255 remedy was "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), and this is a threshold jurisdictional issue. *Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278, 1283 (11th Cir. 2016). Petitioner did not even attempt to make the showing necessary to bring such a challenge under § 2241, despite being given an opportunity to show cause why his petition should not be dismissed. Consequently, dismissal for lack of jurisdiction is appropriate, and transfer was properly denied.

Accordingly, it is **ORDERED** that:

1.      The objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (ECF No. 12) is adopted and incorporated by reference in this order.

2.      The petition for writ of habeas corpus (ECF No. 2) is **DISMISSED** as moot and for lack of subject matter jurisdiction.

3.      All pending motions are **DENIED** as moot.

4.      The clerk of court is directed to close the file.

**DONE AND ORDERED** this 8th day of February 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:22cv21717-MCR-MAL